# In the United States Court of Federal Claims

No. 19-269C
(Filed February 25, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
                                 *
DORIAN R. OWENS, SR.,            *
                                 *
            Plaintiff,           *
                                 *
    v.                           *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On January 31, 2019, plaintiff Dorian Raphield Owens, Sr. filed a complaint in this court representing himself. Mister Owens is a resident of Pennsylvania and his complaint concerns decisions of the "Unemployment Labor Board of Review," presumably referring to Pennsylvania's Unemployment Compensation Board of Review. *See* Compl., ECF No. 1, at 1. He alleges "possible fraud" as well as "[n]egligence in providing the proper information on the appeal process for determining eligibility." *Id.* Plaintiff elaborates that he was "deemed initially ineligible for Unemployment Compensation without the proper information or appeal forms provided," and as a result he apparently failed "to appeal in a timely manner." *Id.* at 2. Plaintiff requests an award of "lost earned wages" totaling $20,000. *Id.* at 3; ECF No. 1-1, at 1.

As is commonly the case when individuals represent themselves in our court, Mr. Owens seems to misunderstand this court's jurisdiction. We have been given the power to hear cases involving violations of federal laws or Constitutional provisions that mandate the payment of money by the federal government. *See* 28 U.S.C. § 1491(a)(1); *United States v. Testan*, 424 U.S. 392, 398 (1976); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."). Congress has specifically withheld from our jurisdiction cases "sounding in tort." 28 U.S.C. § 1491(a)(1); *see LeBlanc v. United States*, 50 F. 3d 1025, 1030 (Fed. Cir. 1995).

7017 1450 0000 1346 1376

It is apparent from the face of the complaint that Mr. Owens's case is not within our court's subject-matter jurisdiction. First, the complaint appears to concern the actions of state government officials, not the United States government. But our court lacks jurisdiction over challenges to state government action. *See Souders v. S. Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007). The United States, as a general matter, is not vicariously liable for state activities. *Fiebelkorn v. United States*, 76 Fed. Cl. 438, 440–41 (2007).

Second, plaintiff alleges the torts of fraud and negligence, which places the matter beyond our power. *See Gant v. United States*, 63 Fed. Cl. 311, 316 (2004) ("Claims for negligence . . . and fraud are both torts and therefore cannot be considered by the Court of Federal Claims . . . ." (citations omitted)). And finally, the federal statutes governing unemployment benefits do not provide any basis for our court to exercise jurisdiction over claims for unemployment benefits. *See May v. United States*, 56 Fed. App'x 492, 492 (Fed. Cir. 2003) (holding that a "complaint regarding the denial of unemployment benefits is clearly outside of the jurisdiction of the Court of Federal Claims."). The unemployment benefits scheme created by the Social Security Act provides for state government administration of benefits and authorizes payments from the federal government to the states, rather than directly to individuals. *See, e.g.*, 42 U.S.C. §§ 501–03, 1101, 1321.

Under the rules of our court, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the United States Court of Federal Claims (RCFC) 12(h)(3). Thus, under RCFC 12(h)(3), this case is **DISMISSED**.† The Clerk shall close the case.

**IT IS SO ORDERED.**

*[signature]*
VICTOR J. WOLSKI
Senior Judge

---

† Plaintiff's motion to proceed *in forma pauperis*, ECF No. 4, is **GRANTED**.